**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASVIR SINGH,

          Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-70132

Agency No. A097-583-753

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

    Jasvir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our  jurisdiction is

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence an adverse

credibility determination.  *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007).

We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Singh failed

to establish extraordinary circumstances excusing his untimely filed asylum

application because that finding was based on disputed facts.  *See*

8 U.S.C § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007)

(per curiam) (exercising jurisdiction to consider one-year bar where facts were

undisputed).  Accordingly, we dismiss Singh's asylum claim.

Substantial evidence supports the agency's adverse credibility determination

based on the omissions from Singh's father's affidavit of Singh's older brother's

mistreatment by the police, the filing of a complaint concerning the mistreatment,

and Singh's father's detention.  *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.

2007) (inconsistencies between testimony and documentary evidence support an

adverse credibility finding where inconsistencies go to the heart of the claim).

Singh's explanation for these omissions does not compel a contrary conclusion.

*See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Accordingly, in the absence

of credible testimony, Singh's withholding of removal claim fails.  *See Farah v.

Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured in India, his CAT claim also fails. *Id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**